IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 3:07CR71-WKW |
| | ) | |
| CHARLES THOMAS GADDY, JR. | ) | |

### **ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 18 and 24, 2007. The defendant is eligible for detention because he is charged with possession of child pornography in violation of 18 U.S.C. § 3252A(a)(5)(B) which is a crime of violence under 18 U.S.C. § 3156(a)(4)(C). *See* 18 U.S.C. § 3142(f)(1(A).

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes that the defendant has a prior state court conviction for possession of obscene matter. This prior conviction was based on a guilty plea entered in a case in which the defendant was originally charged with producing pornography with minors. He was sentenced to seven years imprisonment but later paroled. He was released from parole in September 2004. The evidence supporting the charges in this case show that while working at a Comfort Inn, Gaddy used the business computer and printer to obtain and print pictures which appeared to be young girls of a 7-13 year age range who were dressed in provocative clothing or were nude. The manager of the business indicated that he had found this material after Gaddy had completed his shift at the Inn. This led to a search of his home where more similar pornographic

materials were found in various media formats. Also found in the defendant's residence were various trinkets for young girls such as bracelets and earrings. The evidence also indicates that Gaddy has been observed watching children at a park and, until he was asked to leave, was eating lunch with female high school students, posing as a father.

At the time of his arrest, Gaddy was living with his mother in Columbus, Georgia. The evidence shows that he had not registered as a sex offender[1] with the State of Georgia and that his mother's residence was directly across the street from a high school.[2]

At the detention hearing, the defendant argued that he should be released on conditions including electronic monitoring which required him to reside with his mother in a trailer owned by his family and located in Russell County, Alabama. The evidence shows that this trailer is adjacent to another trailer occupied by several adults and two children, one of whom is 3 years old and one of whom is 7 months old. The range of the electronic monitoring equipment would allow the defendant to have access to the yard of this adjacent trailer. Given the evidence presented in this case, these living arrangements are not appropriate for this defendant.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully

---

[1] Georgia law requires that sex offenders register. Ga. Code. § 42-1-12.

[2] Georgia law prohibits sex offenders residing within 1000 feet of a school or "area where minors congregate." Ga. Code 42-1-15.

considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. The weight of the evidence against the defendant is strong and establishes by clear and convincing evidence his desire for improper contact with and observations of children.

      Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

      Done this 24th day of April, 2007.

                               /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE

.